IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALEJANDRINO TEODORO GALLARDO,

     Petitioner,

v.                                                                    No. 1:26-cv-02117-KG-JFR

GEORGE DEDOS, et al.,

     Respondents.

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on Alejandrino Teodoro Gallardo's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Response, Doc. 7. Petitioner proceeds pro se. Doc. 1 at 1. For the reasons below, the Court denies the petition.

## I.    *Background*

Petitioner, a native and citizen of Mexico, entered the United States in 2004 at the age of 14. Doc. 1 at 11; Doc. 7 at 1–2. He did not have contact with immigration authorities until January 23, 2026, when he was arrested by Immigration and Customs Enforcement ("ICE") agents. Doc. 7 at 2. On February 6, 2026, the Department of Homeland Security ("DHS") served him with a Notice to Appear ("NTA") and charged him as inadmissible. *Id.* at 3.

On March 4, 2026, an immigration judge denied Petitioner's request for a custody redetermination. *Id.* at 4. The written order stated that: "The Respondent is mandatorily detained under the Laken Riley Act. In the alternative, the Respondent has not met his burden of showing that he is not a danger to the community." *Id.* Petitioner has appealed that decision to the Board of Immigration Authorities ("BIA"). *Id.* at 5.

Petitioner now argues that his continued detention without access to an individualized custody re-determination hearing violates the Due Process Clause of the Fifth Amendment. Doc.

1 at 14.  He also argues that his detention violates the Immigration and Nationality Act ("INA").
*Id.* at 17.  Finally, he claims that his arrest violated the Fourth Amendment's protection from unreasonable search and seizure.  *Id.* at 18.

## II.      Standard of Review

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement."  *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

The Immigration and Nationality Act ("INA") establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States.  *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018).  Section 1225(b)(2)(A) applies to "applicant[s] for admission" who are "seeking admission" and "not clearly and beyond a doubt entitled to be admitted."  The "provision mandates detention and affords no bond hearing."  *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.) (Gonzales, J.).  By contrast, § 1226(a) authorizes the arrest and detention, "on a warrant issued by the Attorney General," of noncitizens "pending a decision on whether [they are] to be removed."  Noncitizens detained under this second detention regime are "entitled to individualized bond hearings at the outset of detention." *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1239 (D.N.M. 2025).

## III.     Analysis

As an initial matter, § 1226 governs Petitioner's detention.  Petitioner has lived in the United States for years and was not arrested at a port of entry or near the border.  Doc. 7 at 1–2. He therefore was not seeking admission at the time of his arrest.   While an immigration judge entered an order of removal against him, that order is not administratively final because his

2

appeal remains pending in front of the BIA. *Id.* at 5. Therefore, his detention is properly governed under § 1226.

The Court nonetheless declines to grant relief because Petitioner received the bond hearing to which he was entitled. At that hearing, the immigration judge found that Petitioner failed to carry his burden of demonstrating that he is not a danger to the community. *Id*. at 4. That finding, standing alone, satisfies the requirements of § 1226 and independently supports Petitioner's continued detention.

The Court recognizes that the immigration judge also stated that Petitioner is subject to mandatory detention under the Laken Riley Act. *Id.* That legal conclusion is incorrect in light of the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, ___ F.4th ___, 2026 WL 1876709, at *5 (10th Cir. June 30, 2026), which held that § 1225(b)(2)(A) does not apply to noncitizens apprehended in the interior of the country. But that error does not alter the Court's conclusion because the immigration judge's mandatory-detention determination was an alternative ground for the decision. Independently of that legal conclusion, the immigration judge conducted a bond hearing and found that Petitioner failed to satisfy his burden. Because that independent finding is sufficient to support Petitioner's continued detention under § 1226, the immigration judge's erroneous statement regarding mandatory detention does not entitle Petitioner to habeas relief.

The Court likewise rejects Petitioner's Fourth Amendment argument. Even assuming Petitioner was arrested without a warrant, the Fourth Amendment does not entitle him to release from custody on that basis. The Supreme Court has squarely held, in the immigration context, that "[t]he 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred." *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984).

3

Because an unlawful arrest does not deprive the government of the ability to proceed against

Petitioner or to hold him in custody pending removal proceedings, the alleged Fourth

Amendment violation provides no basis for release here.

### IV.    *Conclusion*

For the reasons above, Court denies the Petition, Doc. 1.

IT IS SO ORDERED

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document.  Electronically filed documents can be found on the Court's PACER public access system.